**Amanda E. Lee**, *Pro Hac Vice*
lee@sgb-law.com
**Jeffery P. Robinson**, *Pro Hac Vice*
robinson@sgb-law.com
SCHROETER, GOLDMARK & BENDER
810 Third Avenue, Suite 500
Seattle, WA 98104
(206) 622-8000
Fax: (206) 682-2305

Local Counsel:
**Kelly R. Beckley**, OSB #74031
kbeckley@beckleyandlongtin.com
P.O. Box 11098
Eugene, OR 97440
(541) 683-0888
Fax: (541) 683-0889

Attorneys for Defendant McGowan

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>DANIEL GERARD McGOWAN,<br><br>　　　　　　　Defendant. | Case No. CR 06-60124<br><br>PETITION TO ENTER PLEA OF GUILTY, CERTIFICATE OF COUNSEL, AND ORDER ENTERING PLEA |

The defendant represents to the Court:

1.　My name is Daniel Gerard McGowan. I am 32 years old. I have earned an undergraduate degree and have completed some of a graduate program.

2.　My attorneys are Amanda E. Lee and Jeffery P. Robinson of Schroeter, Goldmark & Bender.

3.　My attorneys and I have discussed my case fully. I have had a full and adequate opportunity to disclose to my attorneys the facts known to me that relate to my case.

PETITION TO ENTER PLEA OF
GUILTY, CERTIFICATE OF COUNSEL,
AND ORDER ENTERING PLEA - 1

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
(206) 622-8000

4. I have received a copy of the Information, which charges me in Count 1 with conspiracy to commit arson and destruction of an energy facility of the United States in violation of 18 U.S.C. §371, in Count 2 with arson in violation of 18 U.S.C. §844(i) and 2, in Count 3 with attempted arson in violation of 18 U.S.C. §844(i) and 2, in Counts 4 through 15 with arson of a vehicle shop, shop and office, and ten vehicles, all in violation of 18 U.S.C. §844(i) and 2.

I have read the Information and discussed it with my attorneys. My attorneys have counseled and advised me concerning the nature of these charge, any lesser-included offenses, and possible defenses that I might have to each.

Having so counseled with my attorneys, I have decided to plead guilty and desire to plead guilty to Count 1 – conspiracy to commit arson and destruction of an energy facility of the United States, a violation of 18 U.S.C. § 371; Count 2 – arson in violation of 18 U.S.C. § 844(i) and 2; Count 3 – attempted arson in violation of 18 U.S.C. § 844(i) and 2; and Counts 4 through 15 – arson of a vehicle shop, shop and office, and ten vehicles, all in violation of 18 U.S.C. § 844(i) and 2. I have also been advised and understand that under these statutes, the elements of these offense are:

    A. Conspiracy to commit arson:

        (1) The Defendant;

        (2) During the dates included in the Information;

        (3) In the District of Oregon;

        (4) Agreed with at least one other person;

        (5) To commit the arson as alleged in Count 1 (elements set forth in ¶4B), below;

        (6) Knowing this offense to be the object of this agreement and intending to help accomplish it; and

PETITION TO ENTER PLEA OF
GUILTY, CERTIFICATE OF COUNSEL,
AND ORDER ENTERING PLEA - 2

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
(206) 622-8000

  (7) At least one party to this agreement performed at least one overt act for the purpose of accomplishing this offense.

 B. Arson of property used in or affecting interstate commerce:

  (1) The Defendant;

  (2) In the District of Oregon;

  (3) On or about the date set forth in Counts 2 and 4-15 of the Information;

  (4) Willfully caused an act to be done which if directly performed by him or another would be an offense against the United States;

  (5) Maliciously damaged or destroyed a building, vehicle, or other real or personal property;

  (6) By means of fire or explosive;

  (7) The building, vehicle, or personal or real property was used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce.

 D. Attempted Arson

  (1) The Defendant;

  (2) In the District of Oregon;

  (3) On or about the date set forth in Count 3 of the Information;

  (4) Attempted to maliciously damage or destroy a building, vehicle, or other real or personal property;

  (5) By means of fire or explosive;

  (6) The building, vehicle, or personal or real property was used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce.

PETITION TO ENTER PLEA OF
GUILTY, CERTIFICATE OF COUNSEL,
AND ORDER ENTERING PLEA - 3

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
(206) 622-8000

5. I know that if I plead "GUILTY," I will have to answer any questions that the judge asks me about the offense to which I am pleading guilty. I also know that if I answer falsely, under oath, and in the presence of my attorneys, my answers could be used against me in a prosecution for perjury or false statement.

6. I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness, or disability affecting my thinking or my ability to reason. I have not taken any drugs or medications within the past seven (7) days.

7. I understand that conviction of a crime can result in consequences in addition to imprisonment. Such consequences may include:

    A. Deportation or removal from the United States or denial of naturalization if I am not a United States citizen;

    B. Loss of eligibility to receive federal benefits;

    C. Loss of certain civil rights (which may be temporary or permanent depending on applicable state or federal law), such as the right to vote, to hold public office, and to possess a firearm; and

    D. Loss of the privilege to engage in certain occupations licensed by the state or federal government.

8. I know that I may plead "NOT GUILTY" to any crime charged against me and that I may persist in that plea if it has already been made. I know that if I plead "NOT GUILTY" the Constitution guarantees me:

    A. The right to a speedy and public trial by jury, during which I will be presumed to be innocent unless and until I am proven guilty by the government beyond a reasonable doubt and by the unanimous vote of twelve jurors;

    B. The right to have the assistance of an attorney at all stages of the proceedings;

PETITION TO ENTER PLEA OF
GUILTY, CERTIFICATE OF COUNSEL,
AND ORDER ENTERING PLEA - 4

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
(206) 622-8000

C. The right to use the power and process of the Court to compel the production of evidence, including the attendance of witnesses in my favor;

D. The right to see, hear, confront, and cross-examine all witnesses called to testify against me;

E. The right to decide for myself whether to take the witness stand and testify, and if I decide not to take the witness stand, to have the jury instructed that no inference of guilt may be drawn from this decision; and

F. The right not to be compelled to incriminate myself.

9. I know that if I plead "GUILTY" there will be no trial before either a judge or a jury and that I will not be able to appeal from the judge's denial of any pretrial motions I may have filed concerning matters or issues not related to the Court's jurisdiction.

10. In this case I am pleading "GUILTY" under Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure. My attorneys have explained that under this Rule, the prosecutor has agreed to dismiss at sentencing any other charges pending against me, not bring additional charges arising out of the investigation resulting in this prosecution, and recommend the sentencing guideline adjustments, the sentencing guideline departures, and the sentencing recommendations set forth in paragraphs 4, 5, 6, 7, 8, 13 of the November 7, 2006 Plea Agreement attached hereto and hereby incorporated by reference.

11. I know the maximum sentence the law permits for the offenses to which I am pleading guilty are:

A. A violation of 18 U.S.C. § 371:

(1) Five (5) years imprisonment;

(2) A fine of $250,000.00; and

(3) If sentenced to imprisonment, a two (2) to three (3) year period of supervised released following release from imprisonment.

PETITION TO ENTER PLEA OF
GUILTY, CERTIFICATE OF COUNSEL,
AND ORDER ENTERING PLEA - 5

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
(206) 622-8000

B. A violation of 18 U.S.C. § 844(i):

(1) Twenty (20) years imprisonment;

(2) A mandatory minimum sentence of five (5) years imprisonment, unless, under 18 U. S.C. §3553(e), the government moves and the Court exercises its resulting authority to impose a sentence below the level established by statute as a minimum sentence);

(3) A fine of $250,000.00; and

(4) If sentenced to imprisonment, a ~~two (2) to three (3)~~ *5 years* [handwritten, initialed "DH"] year period of supervised released following release from imprisonment.

12. I know that the judge, in addition to any other penalty, will order that I pay a special assessment of $100.00, as required by 18 U.S.C. § 3013(a)(1)(A) for each Count of conviction for a felony.

13. I know that if I am ordered to pay a fine and I willfully refuse to pay that fine, I can be returned to court, where the amount of the unpaid balance can be substantially increased and I can be imprisoned for up to one (1) year.

14. My attorneys have discussed with me the Federal Sentencing Guidelines. I know that as a result of *Blakely v. Washington,* 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the Guidelines are advisory, not mandatory, and the sentencing judge will consider each of the factors enumerated in 18 U.S.C. §3553(a) in exercising his or her discretion when imposing sentence.

If my attorneys or any other person have calculated a guideline range for me, I know that this is only a prediction and that it is the judge who makes the final decision as to what the

PETITION TO ENTER PLEA OF
GUILTY, CERTIFICATE OF COUNSEL,
AND ORDER ENTERING PLEA - 6

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
(206) 622-8000

guideline range is and what sentence will be imposed. I also know that a judge may not impose a sentence greater than the maximum sentence referred to in paragraph 11 above.

15. I know from discussions with my attorneys that, under the Federal Sentencing Guidelines, if I am sentenced to prison, I am not entitled to parole. I will have to serve the full sentence imposed except for any credit for good behavior that I earn. I can earn credit for good behavior in prison at a rate of up to 54 days for each year of imprisonment served. I have been informed and understand that credit for good behavior does not apply to a sentence of one (1) year or less.

16. I know that if I am sentenced to prison, a term of supervised release to follow the prison sentence must be imposed. During my supervised release term I will be supervised by a probation officer according to terms and conditions set by the judge. In my case, a term of supervised release may not be less than two (2) nor more than ~~three (3)~~ five (5) years. I know that if I were to violate the conditions of supervised release, I could be sent back to prison for up to a term that would be determined under the Federal Sentencing Guidelines and is based on the nature of the violation.

17. I know that in addition to or in lieu of any other penalty, for certain crimes of violence and crimes involving fraud or deceit, it is mandatory that the judge impose restitution for the financial loss or harm caused by an offense. If imposed, the victim can use the order of restitution to obtain a civil judgment lien. A restitution order can be enforced by the United States for up to twenty (20) years from the date of my release from imprisonment, or, if I am not imprisoned, twenty (20) years from the date of the entry of judgment. If I willfully refuse to pay restitution as ordered, a judge may resentence me to any sentence which could originally have been imposed.

PETITION TO ENTER PLEA OF
GUILTY, CERTIFICATE OF COUNSEL,
AND ORDER ENTERING PLEA - 7

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
(206) 622-8000

18. On any fine or restitution in an amount of $2,500.00 or more, I know that I will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

19. I am not on probation, parole, or supervised release in any other case, but I know that if I were, by pleading guilty in this Court, such probation, parole, or supervised release could be revoked and I could be required to serve time in that case, which may be consecutive, that is, in addition to, any sentence imposed on me in this Court.

20. I do not have another case pending in any court, but I know that if I did, the Petition and Plea Agreement in this case could, in the absence of an express and written agreement to the contrary, affect my sentence in that case and result in consecutive sentences of imprisonment.

21. My plea of "GUILTY" is based on a Plea Agreement that I have made with the government. That Plea Agreement is attached hereto and incorporated herein. I have read and reviewed it with my attorneys and I understand the Plea Agreement.

22. The Plea Agreement contains the only agreement between the United States government and me. No officer or agent of any branch of government (federal, state, or local) or anyone else has promised or suggested that I will receive a lesser term of imprisonment, or probation, or any other form of leniency if I plead "GUILTY" except as stated in the Plea Agreement. I understand that I cannot rely on any promise or suggestion made to me by a government agent or officer which is not stated in writing in the Plea Agreement, or which is not presented to the judge in my presence in open court at the time of the entry of my plea of guilty.

23. My plea of "GUILTY" is not the result of force, threat, or intimidation.

PETITION TO ENTER PLEA OF
GUILTY, CERTIFICATE OF COUNSEL,
AND ORDER ENTERING PLEA - 8

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
(206) 622-8000

24. I hereby request that the Court accept my plea of "GUILTY" to Counts 1 through 15 of the Information.

25. I know that the Court must be satisfied that a crime occurred and that I committed that crime before my plea of "GUILTY" can be accepted. With respect to the charges to which I am pleading guilty, I represent that I did the following acts and that the following facts are true:

> Prior to January, 2001, I agreed with other persons to commit an arson at Superior Lumber on January 2, 2001. I had discussions about the arson in advance. I agreed to serve as a lookout. On the night of January 2, 2001, I was a lookout during the arson of Superior Lumber, in Glendale, Oregon.
>
> In 2001, I agreed with other persons to commit an arson at ~~Jefferson Poplar Farms~~ [James River Corporation] in Clatskanie, Oregon. I had discussions about the arson in advance. On the night of May 21, 2001, I carried fuel to the office and placed an incendiary device at the office of ~~Jefferson Poplar Farms~~ [James River Corp.]. I assisted in making preparations to start a fire in the building where vehicles were stored.

26. I offer my plea of "GUILTY" freely and voluntarily and of my own accord, with a full understanding of the allegations set forth in Counts 1 through 15 of the Information [or First Superseding Indictment], and with a full understanding of the statements set forth in this Petition and in the Certificate of my attorney that is attached to this Petition.

SIGNED by me in the presence of my attorneys, after reading all of the foregoing pages and paragraphs of this Petition on this 9th day of November, 2006.

_/s/ Daniel G. McGowan_
DANIEL GERARD McGOWAN
Defendant

PETITION TO ENTER PLEA OF
GUILTY, CERTIFICATE OF COUNSEL,
AND ORDER ENTERING PLEA - 9

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
(206) 622-8000

# CERTIFICATE OF COUNSEL

The undersigned, as attorneys for defendant DANIEL GERARD McGOWAN, hereby certify:

1. I have fully explained to the defendant the allegations contained in the Information, any lesser-included offenses, and the possible defenses which may apply in this case.

2. I have personally examined the attached Petition To Enter Plea of Guilty And Order Entering Plea, explained all its provisions to the defendant, and discussed fully with the defendant all matters described and referred to in the Petition.

3. I have explained to the defendant the maximum penalty and other consequences of entering a plea of guilty as set forth in the Petition, and have also explained to the defendant the provisions of 18 U.S.C. §3553(a) and the advisory Federal Sentencing Guidelines.

4. I recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by me in the presence of, and after full discussion with, the defendant of the contents of the Petition To Enter Plea of Guilty and the attached Plea Agreement, on this 9th day of November, 2006.

Respectfully submitted this 9th day of November, 2006.

SCHROETER, GOLDMARK & BENDER

_____
AMANDA E. LEE
Counsel for Defendant Daniel McGowan

_____
JEFFERY P. ROBINSON
Counsel for Defendant Daniel McGowan

PETITION TO ENTER PLEA OF
GUILTY, CERTIFICATE OF COUNSEL,
AND ORDER ENTERING PLEA - 10

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
(206) 622-8000

## ORDER ENTERING PLEA

I find that the defendant's plea of GUILTY has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crime to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

DATED this 9th day of November, 2006, in open court.

*[signature]*
HONORABLE ANN L. AIKEN
United States District Judge for the District of Oregon

PETITION TO ENTER PLEA OF
GUILTY, CERTIFICATE OF COUNSEL,
AND ORDER ENTERING PLEA - 11

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
(206) 622-8000



U.S. Department of Justice
United States Attorney
District of Oregon
701 High Street                          Office: (541)465-6771
Eugene, OR 97401                         Fax:   (541)465-6582

October 17, 2006

Mr. Jeffery P. Robinson
Ms. Amanda E. Lee
Schroeter, Goldmark & Bender
500 Central Building
810 Third Avenue
Seattle, WA 98104

    Re:    United States v. Daniel Gerard McGowan
           Case No. _____
           Plea Agreement

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office for the District of Oregon (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority except as otherwise identified in this agreement. Except as specified in this agreement, it does not apply to any charges other than those specifically mentioned herein. This plea agreement is part of a global plea agreement among co-defendants Jonathan Christopher Mark Paul, Joyanna L. Zacher, Nathan Fraser Block, Daniel Gerard McGowan and the USAO. It is understood by all the parties that should one of the other defendants fail to provide information pursuant to Paragraph 7B of this Agreement, the government may terminate this plea agreement and the Court will be advised that all four defendants' cases will proceed to trial; provided that, in the event the defendant is not in breach of his obligations under Paragraph 7B and 7H of this Agreement, no Information provided by the defendant pursuant to Paragraph 7B may be used against the defendant at trial.

2. **Charges and Penalties**: Defendant agrees to plead guilty to Counts 1 through 15 of the Information as follows:

    **Count 1: Conspiracy to Commit Arson and Destruction of an Energy Facility of the United States** in violation of Title 18, United States Code, Section 371. The maximum sentence is 5 years imprisonment, a fine of $250,000, a 2 to 3 year period of supervised release and a mandatory $100 fee assessment.

    **Count 2: Arson – Superior Lumber Company** in violation of Title 18, United States Code, Section 844(I). The maximum sentence is 20 years imprisonment, a mandatory minimum of 5 years, a fine of $250,000, not more than a 5 year period of supervised release and a mandatory $100 fee assessment.

    **Count 3: Attempted Arson – Jefferson Poplar Farm Main Office** in violation of Title

       18, United States Code, Section 844(I). The maximum sentence is 20 years imprisonment, a mandatory minimum of 5 years, a fine of $250,000, not more than a 5 year period of supervised release and a mandatory $100 fee assessment.

       **Counts 4 through 15: Arson – Jefferson Poplar Farm Vehicle Shop, Shop & Office, and 10 vehicles** in violation of Title 18, United States Code, Section 844(I). The maximum sentence is 20 years imprisonment, a mandatory minimum of 5 years, a fine of $250,000, not more than a 5 year period of supervised release and a mandatory $100 fee assessment.

       Defendant agrees to pay the fee assessment applicable to each of the above counts by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant will pay mandatory restitution as ordered by the Court.

3. **Factual Basis**: The factual basis for each count is attached hereto and by this reference incorporated herein as "Attachment 1," which defendant agrees the USAO can prove beyond a reasonable doubt.

4. **Dismissal and non-prosecution**: The USAO will move to dismiss with prejudice the Second Superseding Indictment at the time of sentencing. In addition, the defendant will not be prosecuted by any other federal, state, or local prosecuting, administrative, or regulatory authority for any of the acts set forth in that indictment or for any of the acts disclosed by the defendant in his proffer to the Government or in disclosure made in satisfaction of the obligations set forth below.

5. **Resolution of Sentencing Issues**: In addition to waiving the right to a jury trial on the issue of guilt, defendant knowingly and voluntarily agrees that sentencing issues in this case need not be alleged in a grand jury indictment, proven to a trial jury, or proven beyond a reasonable doubt. Defendant also knowingly and voluntarily consents to judicial fact-finding and resolution of any and all sentencing issues. Defendant and Government agree that the guidelines calculations should be derived from the United States Sentencing Commission Guidelines Manual with effective date of November 1, 2000.

6. **Guideline Enhancement**: The USAO will recommend the terrorism guideline enhancement found in U.S.S.G. §3A1.4 because the felony offenses either involved or were intended to promote a federal crime of terrorism. The defendant reserves the right to argue against the application of this guideline section.

7. **Acceptance**:

    A.    **Extent of Reduction for Acceptance of Responsibility:** Subject to Subsection B of this Paragraph, the USAO agrees to recommend a 3 level reduction for acceptance of responsibility if defendant's offense level is 16 or greater;

   otherwise a 2 level reduction applies. The USAO reserves the right to change or omit this recommendation if defendant, between plea and sentencing, commits any new or additional violation of law, obstructs or attempts to obstruct justice, or acts inconsistently with acceptance of responsibility.

B.  **Information**: Defendant agrees to disclose to the Government all information in his possession that is true about his personal participation in any of the offenses alleged in the indictment and any uncharged criminal conduct. Defendant agrees to participate in disclosure sessions with the Government which shall be conducted pursuant to FRCrP 11(f), FRE 410, and U.S.S.G. §1B1.8 and as described below; *provided that* defendant shall not be required to reveal information that inculpates others, reveals their identities, or would be the functional equivalent of revealing their identities. During the disclosure session(s), the defendant shall:

 (1)  Disclose when, where, and how each offense occurred; this disclosure shall include such details of defendant's own individual conduct and whether defendant acted alone or in concert with others.

 (2)  If an offense was done in concert with others, disclose the sum and substance of any conversations defendant had with others.

 (3)  Should defendant refuse to disclose information on the grounds that it would inculpate or reveal the identity of others, the Government may require defendant's attorney to articulate the basis for this refusal, including the reason(s) defendant believes such information would inculpate or identify another.

 (4)  If the Government is persuaded that the refused information would inculpate or reveal the identity of others, the Government will question defendant in a manner that avoids the issue or accept defendant's refusal to disclose the information.

 (5)  If the government is not persuaded that the refused information would inculpate or reveal the identity of others, the disclosure session will continue to another area of inquiry and the parties will attempt in good faith to find a way to allow defendant to disclose the refused information in a manner that will not inculpate or reveal the identity of others.

 (6)  Should the parties be unable to find a way to allow defendant to disclose the refused information and should the Government deem such information to be of vital importance to the Government, defendant and defendant's attorney will be so advised and given a reasonable amount of time to decide whether to disclose the refused information. If defendant

        thereafter persists in refusing to disclose the refused information, the disclosure session will terminate, the global plea agreement with co-defendants Zacher, Block, McGowan and Paul may be declared void, and the Court will be advised that all four defendants' cases will proceed to trial.

C. **Collateral Use:** Defendant understands that the USAO will not tolerate any further violation of federal or state law, and, should any violations become known, they will be made known to the appropriate authorities. Nothing in this agreement will preclude prosecution of defendant by those authorities for such violation. Defendant understands that nothing in this agreement will prevent the government from instituting prosecution against defendant for perjury, subornation of perjury, false statements, or false declaration if defendant commits or causes the commission of any such offense in connection with defendant's testimony.

D. **Sentencing Information:** Defendant understands that the USAO, pursuant to 18 U.S.C. § 3661, must provide the information given under this agreement to the PSR writer and sentencing judge. USSG § 1B1.8 governs the use of such information in determining defendant's applicable guideline sentencing range.

E. **Testimony:** It is understood by the parties of this agreement that defendant does not agree to testify at any trial, hearings or proceedings. Notwithstanding this condition of the plea agreement, the defendant acknowledges that defendant may be subpoenaed to testify at grand jury, trials and other hearings. Defendant also understands that should defendant be subpoenaed to testify, and at that time decides not to testify, and upon order of a court that defendant must testify, remains in opposition to testifying, defendant may be subject to both civil and criminal contempt proceedings.

F. **Best Efforts:** Any benefit defendant may receive under this agreement is solely dependent on whether defendant uses his best efforts in the disclosure sessions, the proffer agreement, and as otherwise set forth in this agreement, and is not dependent upon the identification, arrest, prosecution, or conviction of any person for any crime.

G. **Polygraph Examination:** Defendant further agrees to submit to a polygraph examination on the issue of truthfulness if it is deemed necessary by the United States, with an examiner selected by the USAO. If the examination results indicate deception, defendant will be afforded the opportunity to review and explain the deceptive responses. If, after consideration of defendant's responses, the USAO is convinced defendant's statement is not complete and truthful, the USAO may consider this agreement to have been breached by defendant.

Mr. Jeffery P. Robinson
Ms. Amanda E. Lee
Re: Daniel Gerard McGowan
Page 5


    H.    **Breach of Defendant's Agreement to Disclose Information:** It is expressly understood and agreed by the parties that the determination of whether defendant has complied with all the terms of this plea agreement rests exclusively with the USAO. Should defendant knowingly give false, misleading, or incomplete information or testimony, the parties agree that: (1) defendant may not withdraw any guilty plea; (2) the USAO is free to make any sentencing recommendation and is not bound by this agreement; (3) statements and information from defendant under this agreement or any previous proffer agreement may be used for any purpose without any restrictions; (4) defendant may be prosecuted for any crime, whether or not such crime was the subject of this agreement; and (5) The USAO may, but need not declare the plea agreements with defendants Zacher, Block, and Paul null and void; provided that in the event the USAO declares these plea agreements null and void, no information provided by any of these defendants, pursuant to Paragraph 7B of their plea agreements may be used against them at trial.

    I.    **Defendant's Compliance with the Agreement to Disclose Information:** It is expressly understood and agreed by the parties that the determination of whether defendant has complied with all the terms of this plea agreement rests exclusively with the USAO.

8.    **USAO Sentence Recommendation:** The sentence to be recommended by the Government in this case is based on the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide a just and fair sentence for this defendant in relation to and in comparison with all of the defendant's co-conspirators.

9.    **Waiver of Appeal/Post-Conviction Relief:** Provided the Court imposes a sentence within the range set forth in paragraph 13B below, both the government and defendant knowingly and voluntarily waive the right to appeal from any aspect of the conviction and sentence unless the sentence imposed exceeds the statutory maximum, the Court imposes an upward departure pursuant to Part 5K of the Sentencing Guidelines, or the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline range. Should defendant seek an appeal, despite this waiver of that right, the USAO may take any position on any issue on appeal. Defendant also waives the right to file a motion pursuant to 28 U.S.C. § 2255 to set aside the conviction and sentence, except on grounds of ineffective assistance of counsel, newly discovered evidence, or a retroactive change in the applicable guidelines or statute.

10. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the Presentence Report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations herein.

11. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

12. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new violations of law between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

13. **Substantial Assistance**:

    A. <u>Global Resolution of Case</u>: Defendant will withdraw defendant's plea of not guilty and enter into a plea agreement with the Government by which defendant would enter a plea of guilty to the offenses set forth in paragraph 2 above on the condition that defendants Jonathan Christopher Mark Paul, Joyanna L. Zacher, Nathan Fraser Block and Daniel Gerard McGowan all agree to enter into appropriate plea agreements with the government.

    The government acknowledges that defendant's plea agreement is of substantial assistance. Upon defendant's successful completion of every condition of the plea agreement, the government agrees to move, as authorized by 18 U.S.C. §3553(e) and U.S.S.G. §5K1.1, to authorize the Court to impose a sentence below a level established by statute as a minimum sentence for any offense to which the defendant has agreed to plead guilty.

    B. <u>Extent of Departure</u>: Assuming defendant complies with the terms of this agreement, the USAO will recommend up to a 12 level downward departure pursuant to U.S.S.G. §5K1.1 (and 18 U.S.C. §3553(e), if necessary) and/or Rule 35 of the Federal Rules of Criminal Procedure and a sentence at the low end of the resulting advisory guideline, which the Government anticipates will be 96 months imprisonment. Defendant is free to request other adjustments or departures; however, the USAO will oppose any such request. The defendant agrees that any grounds upon which defendant will seek a sentencing adjustment will be raised sufficiently in advance of the sentence hearing to permit the government a full opportunity to respond to the Court. Defendant also agrees not to request defendant's sentence be lower than 63 months or lower than any sentence imposed upon co-conspirator Suzanne Savoie plus 18 months, whichever is less.

14. **Continue Sentencing**: Defendant agrees to have the sentence hearing postponed in order to continue the disclosure sessions if the USAO requests such a continuance.

15. **Place of Confinement:** In the event a sentence of confinement is imposed, the defendant will request that he be allowed voluntarily to surrender to custody and that the Court recommend to the Bureau of Prisons (BOP) that a Federal Prison Camp be designated as his place of confinement. The USAO agrees not to oppose these requests so long as defendant otherwise qualifies pursuant to BOP policy and regulations .

16. **Total Agreement**: This letter states the full extent of the agreement between the parties. There are no other promises or agreements, express or implied. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

KARIN J. IMMERGUT
United States Attorney

*[signature]*

KIRK A. ENGDALL
Assistant U.S. Attorney

/////

/////

/////

/////

/////

/////

/////

/////

/////

Mr. Jeffery P. Robinson
Ms. Amanda E. Lee
Re: Daniel Gerard McGowan
Page 8

    I have read this agreement carefully and reviewed every part of it with my attorney. I understand the agreement and voluntarily agree to it. I am satisfied with the legal assistance provided to me by my attorney.

Date  Nov 7 , 2006

_____
DANIEL GERARD McGOWAN
Defendant

    I represent defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge defendant's decision to enter into this agreement is an informed and voluntary one.

Date  Nov 7 , 2006

_____
JEFFERY P. ROBINSON
Attorney for Defendant

    I represent defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge defendant's decision to enter into this agreement is an informed and voluntary one.

Date Nov. 7 , 2006

_____
AMANDA E. LEE
Attorney for Defendant

**Attachment 1**

United States v. Daniel Gerard McGowan

      Beginning in October 1996 and continuing through October 2001, in the District of Oregon and elsewhere, defendant Daniel Gerard McGowan and various persons at various times willfully and knowingly conspired and agreed to maliciously damage or destroy, or attempt to damage or destroy, by means of fire, buildings, vehicles, and other personal and real property owned in whole or in part by, or possessed by or leased to, others. Some of these persons intended to damage or destroy, attempt to damage or destroy, or did damage or destroy such property of the United States or a department or agency of the United States. Some intended to damage or destroy, attempt to damage or destroy, or did damage or destroy property of entities engaged in activity affecting interstate commerce. Some intended to damage or destroy, attempt to damage or destroy, or did damage or destroy property of an energy facility of the United States involved in the transmission of electricity. Some intended to damage or destroy or attempt to damage or destroy all such property.

      The purpose of some of the conspirators was to influence and affect the conduct of government. The purpose of other conspirators was to influence and affect the conduct of commerce, private business, and others in the civilian population. All conspirators intended to and did participate in acts of violence, sabotage, or destruction of property potentially dangerous to human life and property in violation of the criminal laws of the United States and the State of Oregon.

      In January, 2001 and in May, 2001, in the District of Oregon, defendant McGowan knowingly conspired and agreed with others to maliciously damage or destroy or attempt to damage or destroy by means of fire, buildings, other real property, vehicles, and personal property, owned in whole or in part or possessed by or leased to an entity engaged in activity affecting interstate commerce as more particularly set forth in Counts 2 through 15.